CRAIG CARPENITO
United States Attorney
JORDAN M. ANGER
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. (973) 645-2829
jordan.anger@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE LUIS HERNANDEZ,

    Defendant.

_____/

Civil Action No.

**COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY**

Plaintiff, the UNITED STATES OF AMERICA ("United States"), by and through the undersigned Assistant United States Attorney for the District of New Jersey, brings this action for the recovery of a monetary forfeiture penalty of $10,000.00 against Defendant, Jose Luis Hernandez ("Defendant"). In support thereof, the United States alleges as follows:

**NATURE OF ACTION**

1. Pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a), the United States brings this civil action against Defendant to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC" or "Commission") on May 26, 2016, assessing a monetary forfeiture against Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and 47 U.S.C. § 504(a).

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a) and 47 U.S.C. § 504(a), because Defendant resides in Passaic, New Jersey, and the acts or omissions giving rise to this forfeiture action occurred in Passaic, New Jersey.

## PARTIES

4. Plaintiff is the United States of America.

5. The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151 *et seq.*

6. Defendant is a resident of the state of New Jersey who lives at 584 Main Avenue, Passaic, New Jersey, a location within this District.

## STATUTORY AND REGULATORY BACKGROUND

7. Section 301 of the Act, 47 U.S.C. § 301, prohibits the operation of any apparatus for the transmission of energy, communications, or signals by radio from one place in the United States to another place in the United States, except under and in accordance with the Act and with a license for that purpose granted under the provisions of the Act.

8. Pursuant to section 15.239 of the FCC's Rules, 47 U.S.C. § 15.239, the intentional transmission of radiofrequency signals in the 88-108 MHz band is permitted without an individual license only if the field strength of the signals does not exceed 250 microvolts per meter ("µV/m") at a distance of three meters from the transmitting antenna. Otherwise, the

transmission of the signals must be made pursuant to an individual license granted by the FCC under 47 U.S.C. § 301.

9. Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

10. Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act more than once, or, if such commission or omission is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

11. Pursuant to section 503(b)(2)(E) of the Act, 47 U.S.C. § 503(b)(2)(E), in determining the amount of a forfeiture penalty, the FCC "shall take into account the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require." That same section empowers the Commission to assess a forfeiture of up to $150,000 for each willful or repeated violation of the Act or of any rule, regulation, or order issued by the Commission under the Act. *Id.*

12. The Commission has established forfeiture guidelines, which set forth base penalties for certain violations and identify criteria that the FCC and its Bureaus and Offices consider in exercising their discretion to adjust the base upward or downward. 47 C.F.R. § 1.80(b)(8). The guidelines establish a base forfeiture amount of $10,000 for operation of a radio station without an instrument of authorization. *Id.*

## THE VIOLATION

13. On February 10, 2015, in response to a complaint, agents from the FCC Enforcement Bureau's New York Office ("New York Office") used mobile direction-finding techniques to locate the source of radio frequency transmissions on the frequency 95.9 MHz to an FM antenna mounted on the roof of a single-family residence in Passaic, New Jersey.

14. The agents determined that the transmissions on 95.9 MHz exceeded the limits for operation under Part 15 of the Commission's Rules, and, therefore, required a license.

15. The agents consulted the Commission's records and confirmed that no authorization had been issued to Defendant, or to anyone else, for the operation of an FM broadcast station at or near the single-family residence in Passaic, New Jersey.

16. On March 4, 2015, the FCC's New York Office sent the property owner, Ramon Suarez, a Notice of Unlicensed Operation, informing him that an unlicensed radio station was operating at his residence in Passaic, New Jersey and warned him that continued unlicensed operations could result in enforcement action.

17. Mr. Suarez did not respond to the Notice but upon returning to the property, the agents noted that the FM antenna had been removed from the roof of this residence.

18. On July 20, 2015, agents from the FCC Enforcement Bureau's New York Office used mobile direction-finding techniques to locate the source of radio frequency transmissions on

the frequency 95.9 MHz to a multi-family dwelling located at 27 Jackson Street, Passaic, New Jersey.

19. The agents recorded the station, measured the signal strength, and determined that the transmissions on 95.9 MHz exceeded the limits for operation under Part 15 of the Commission's Rules, and, therefore, required a license.

20. The agents consulted the Commission's records and confirmed that no authorization had been issued to Defendant, or to anyone else, for the operation of an FM broadcast station at or near the multi-family dwelling in Passaic, New Jersey.

21. On July 20, 2015, the agents spoke to the superintendent of the multi-family dwelling who confirmed the station operator was Defendant and referred to him as "El Emperador."

22. A subsequent search of the Internet revealed that a radio station calling itself "La Consentida" purported to operate on 95.9 MHz in New Jersey and that "La Consentida FM Radio" belongs to Defendant, who was listed on the station's website as "Luis Hernandez Emperor Productions" and the Manager and CEO of La Consentida.

23. On July 31, 2015, the FCC's New York Office issued a Notice of Unlicensed Operation to the superintendent of the multi-family dwelling, informing him that an unlicensed radio station was operating on 95.9 MHz at a residence managed by him and warned him that continued unlicensed operations could result in enforcement action. The superintendent immediately removed the antenna.

24. On October 30, 2015, the FCC's Enforcement Bureau issued a Notice of Apparent Liability ("NAL") to Defendant proposing a monetary forfeiture of $10,000.00 against Defendant for his apparent willful and repeated violation of section 301 of the Act, 47 U.S.C. §

301, for operating an unlicensed and unauthorized radio transmitter on the frequency 95.9 MHz in Passaic, New Jersey. *Jose Luis Hernandez*, Notice of Apparent Liability for Forfeiture, 30 FCC Rcd 11673 (Enf. Bur. 2015). The FCC sent a copy of the NAL to Defendant by First Class and Certified Mail, return receipt requested. A copy of the NAL is attached as Exhibit A.

25. Defendant did not respond to the Notice.

26. On May 26, 2016, the FCC's Enforcement Bureau issued a Forfeiture Order against Defendant, directing him to pay a monetary forfeiture penalty in the amount of $10,000.00 for willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301. *Jose Luis Hernandez*, Forfeiture Order, 31 FCC Rcd 5198 (Enf. Bur. 2016). The FCC sent a copy of the Forfeiture Order to Defendant by Certified Mail, return receipt requested, and by First Class Mail. A copy of the Forfeiture Order is attached as Exhibit B.

## DEMAND FOR PAYMENT

27. The Forfeiture Order provided that if Defendant did not pay the forfeiture by June 25, 2016, the case could be referred to the Department of Justice for enforcement.

28. On or about November 22, 2016, the FCC sent Defendant a letter demanding full payment of the forfeiture within 30 days, A copy of the November 22, 2016, letter is attached as Exhibit C.

29. Despite due demand, Defendant has not paid the Forfeiture.

30. A Certificate of Forfeiture is attached as Exhibit D.

## COUNT I – CLAIM FOR ENFORCEMENT OF FORFEITURE PENALTY

31. The United States incorporates and re-alleges herein paragraphs 1 through 31.

32. Defendant willfully and repeatedly violated section 301 of the Act. 47 U.S.C. § 301, by operating unlicensed and unauthorized radio equipment on the frequency 95.9 MHz in Passaic, New Jersey.

33. By reason of the foregoing, Defendant is liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's Rules, 47 C.F.R. § 1.80, and the Commission's *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd. 17087 (1997), *recon denied*, 15 FCC Rcd. 303 (1999).

34. Defendant has failed and continues to fail to pay the forfeiture penalty of $10,000.00.

35. Through this action, the United States demands payments from Defendant for a forfeiture penalty in the amount of $10,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

a. Judgment in the amount of $10,000.00;

b. Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961;

c. Costs and disbursements incurred by Plaintiff in this action; and

d. Such other further relief that the Court may deem just and proper.

DATE: 2/13, 2020

Respectfully Submitted,

CRAIG CARPENITO
UNITED STATES ATTORNEY

By: _____
JORDAN M. ANGER
ASSISTANT U.S. ATTORNEY

JS 44 (Ecw.7/95)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
JOSE HERNANDEZ

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  PASSAIC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JORDAN M. ANGER, AUSA
United States Attorney's Office
970 Broad St., Room 700
Newark, New Jersey 07102
973-645-2829

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX (FOR DIVERSITY CASES ONLY) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | []1 | []1 | Incorporated or Principal Place | □4 | □4 |
| Citizen of Another State | []2 | []2 | Incorporated and Principal Place of Business in Another State | □5 | □5 |
| Citizen or Subject of a Foreign Country | []3 | []3 | Foreign Nation | □6 | □6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. § 1345 - United States as Plaintiff

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | [] 310 Airplane | [] 362 Personal Injury Med. Malpractice | [] 620 Other Food and Drug | | [] 410 Antitrust |
| ☐ 130 Miller Act | [] 315 Airplane Product Liability | [] 365 Personal Injury Product Liability | [] 625 Drug Related Seizure at Property 21 U.S.C. 881 | [] 423 Withdrawal 28 U.S.C. 157 | [] 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | [] 320 Assault, Libel and Slander | [] 368 Asbestos Personal Injury Prod. Liab. | [] 630 Liquor Laws | | [] 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | [] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [] 640 R.R. and Truck | **PROPERTY RIGHTS** | [] 460 Deportation |
| ☐ 151 Medicare Act | [] 340 Marine | [] 370 Other Fraud | [] 650 Airline Regs. | [] 820 Copyrights | [] 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [] 345 Marine Product Liability | [] 371 Truth in Lending | [] 660 Occupational Safety/Health | [] 830 Patent | [] 810 Selective Service |
| ☐ 153 Recovery of Overpayment at Veteran's Benefits | [] 350 Motor Vehicle | [] 380 Other Personal Property Damage | [] 690 Other | [] 840 Trademark | [] 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | [] 385 Property Damage Prod. Product Liability | | | [] 875 Customer Challenge 12 U.S.C. 3140 |
| ☒ 190 Other Contract | [] 360 Other Personal Injury | | **LABOR** | **SOCIALSECURITY** | [] 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | [] 710 Fair Labor Standards Act | [] 861 HIA (1395ff) | [] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITION** | | [] 862 Black Lung(923) | [] 893 Environmental Matters |
| | | | [] 720 Labor/Mgmt. Relations | [] 863 DIWC/DIWW (405(g)) | [] 894 Energy Allocation Act |
| | | | | [] 864 SSID Title XVI | [] 895 Freedom of Information Act |
| | | | [] 730 Labor/Mgmt. Reporting and Disclosure Act | [] 865 RSI (405(g)) | |
| [] 210 Land Condemnation | [] 441 Voting | [] 510 Motions to Vacate Sentence Habeas Corpus: | | | [] 900 Appeal of Fee Determ. Under Equal Access to Justice |
| [] 220 Foreclosure | [] 442 Employment | | [] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [] 950 Constitutionality of State Statutes |
| [] 230 Rent Lease and Ejectment | [] 443 Housing/Accommodations | [] 530 General | | | |
| [] 240 Torts to Land | [] 444 Welfare | [] 535 Death Penalty | [] 790 Other Labor Litigation | [] 870 Taxes (U.S. Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 290 All Other Real Property | [] 440 Other Civil Rights | [] 540 Mandamus and Other | [] 791 Empl. Ret. Inc. Security Act | [] 871 IRS - Third Party 26 U.S.C. 7609 | |
| | | [] 550 Other (including 1983 Actions) | | | |

### VI. ORIGIN
[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] 6 Multidistrict Litigation
[] 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
[] UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [] YES  [] NO

### VII. RELATED CASE(S) IF ANY
(See instructions)

DATE 2/13/20

SIGNATURE OF ATTORNEY OF RECORD
JORDAN M. ANGER, Assistant United States Attorney

| Federal Communications Commission | DA 15-1230 |
|---|---|

## Before the
## Federal Communications Commission
## Washington, DC 20554

| In the Matter of | ) | |
|---|---|---|
| | ) | |
| Jose Luis Hernandez | ) | File No.: EB-FIELD-NER-15-00018541 |
| Passaic, New Jersey | ) | NAL/Acct. No.: 201632380001 |
| | ) | FRN: 0025007683 |

### NOTICE OF APPARENT LIABILITY FOR FORFEITURE

**Adopted: October 30, 2015**  **Released: October 30, 2015**

By the District Director, New York Office, Northeast Region, Enforcement Bureau:

### I. INTRODUCTION

1. We propose a penalty of $10,000 against Jose Luis Hernandez for operating an unlicensed radio station on 95.9 MHz in Passaic, New Jersey. The Commission previously warned Mr. Hernandez that operation of this unlicensed station was illegal and that continued operation could result in further enforcement action. Mr. Hernandez's deliberate disregard of the Commission's warning warrants a significant penalty. Commission action in this area is essential because unlicensed radio stations create a danger of interference to licensed communications and undermine the Commission's authority over FM broadcast radio operations.

### II. BACKGROUND

2. On February 10, 2015, in response to a complaint, agents from the Enforcement Bureau's New York Office (New York Office) used mobile direction-finding techniques to locate the source of radio frequency transmissions on the frequency 95.9 MHz to an FM antenna mounted on the roof of a single family residence located in Passaic, New Jersey. The agents recorded the station, took field strength measurements of the station's signal and determined that the transmissions on 95.9 MHz exceeded the limits for operation under Part 15 of the Commission's rules (Rules),[1] and therefore required a license. The agents consulted the Commission's records and confirmed that no authorization had been issued to Mr. Hernandez, or to anyone else, for the operation of an FM broadcast station at or near this residence in Passaic, New Jersey.

3. On March 4, 2015, the New York Office sent the property owner, Ramon Suarez (Suarez), a Notice of Unlicensed Operation informing him that an unlicensed radio station was operating on 95.9 MHz at a residence owned by him in Passaic, New Jersey and warned Mr. Suarez that continued unlicensed operations could result in additional enforcement action.[2] No response to the Notice was received, but upon returning to the property the agents noted that the FM antenna had been removed from the roof of the residence.

4. On July 20, 2015, agents from the New York Office again used mobile direction-finding techniques to identify the source of transmissions on the frequency 95.9 MHz to a new location, 27 Jackson Street, Passaic, New Jersey, a multi-family dwelling. The agents again recorded the station, took field strength measurements of the station's signal, confirmed that the transmissions exceeded the limits for

---

[1] Part 15 of the Rules sets out the conditions and technical requirements under which certain radio transmission devices may be used without a license. In relevant part, Section 15.239 of the Rules provides that non-licensed broadcasting in the 88-108 MHz band is permitted only if the field strength of the transmission does not exceed 250 µV/m at three meters. 47 C.F.R. § 15.239.

[2] *Ramon Suarez*, Notice of Unlicensed Operation (March 4, 2015) (on file in EB-FIELDNER-15-00018541).

operation under Part 15 of the Commission's rules, and determined that no authorization had been issued to Mr. Hernandez or to anyone else, for the operation of a station at or near this multi-family dwelling.

5. On July 20, 2015, agents from the New York Office spoke to the superintendent of the building, Henry Perez Espinoza, who confirmed that the station operator was Mr. Luis Hernandez, "El Emperador." A subsequent search of the Internet revealed that a radio station calling itself "La Consentida" purports to operate on 95.9 MHz in New Jersey and that "La Consentida FM Radio" belongs to Mr. Jose Luis Hernandez.[3] On July 31, 2015, the New York Office issued a Notice of Unlicensed Operation to superintendent of the building, Mr. Henry Perez Espinoza, informing him that an unlicensed radio station was operating on 95.9 MHz at a residence managed by him in Passaic, New Jersey and warned Mr. Espinoza that continued unlicensed operations could result in additional enforcement action.[4] Mr. Espinoza immediately removed the antenna.

### III. DISCUSSION

6. We find that Mr. Hernandez apparently willfully and repeatedly violated Section 301 of the Communications Act of 1934, as amended (Act).[5] Section 301 of the Act states that no person shall use or operate any apparatus for the transmission of energy or communications or signals by radio within the United States without a license granted by the Commission. On February 10, 2015 and July 20, 2015, agents from the New York Office determined that an unlicensed radio station operated on 95.9 MHz from equipment owned by Mr. Hernandez. The property owners were warned by the Commission that such unlicensed operations violated the Act on March 4, 2015 and July 31, 2015. Nonetheless, Mr. Hernandez continued to operate an unlicensed radio station. As a result, we find Mr. Hernandez apparently willfully and repeatedly violated Section 301 of the Act by operating an unlicensed radio station.

7. Section 503(b) of the Act provides that any person who willfully or repeatedly fails to comply substantially with the terms and conditions of any license, or willfully or repeatedly fails to comply with any of the provisions of the Act or of any rule, regulation, or order issued by the Commission thereunder, shall be liable for a forfeiture penalty.[6] Here, Section 503(b)(2)(D) of the Act authorizes us to assess a forfeiture against Mr. Hernandez of up to $16,000 for each day of a continuing violation, up to a statutory maximum of $122,500 for a single act or failure to act.[7] In exercising our forfeiture authority, we must consider the "nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as

---

[3] The website for "La Consentida" (http://www.laconsentidafmradio.com) includes a header that states "Luis Hernandez Emperor Productions" and the affirmation that Luis Hernandez is the Manager and CEO of La Consentida. (accessed on Sept. 29, 2015).

[4] *Henry Perez Espinoza*, Notice of Unlicensed Operation (July 31, 2015) (on file in EB-FIELDNER-15-00018541).

[5] 47 U.S.C. § 301.

[6] 47 U.S.C. § 503(b).

[7] *See* 47 U.S.C. § 503(b)(2)(D); 47 C.F.R. § 1.80(b)(7). These amounts reflect inflation adjustments to the forfeitures specified in Section 503(b)(2)(D) ($10,000 per violation or per day of a continuing violation and $75,000 per any single act or failure to act). The Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No. 101-410, 104 Stat. 890, as amended by the Debt Collection Improvement Act of 1996, Pub. L. No. 104-134, Sec. 31001, 110 Stat. 1321, requires the Commission to adjust its forfeiture penalties periodically for inflation. *See* 28 U.S.C. § 2461 note (4). The Commission most recently adjusted its penalties to account for inflation in 2013. *See Amendment of Section 1.80(b) of the Commission's Rules, Adjustment of Civil Monetary Penalties to Reflect Inflation*, Order, 28 FCC Rcd 10785 (Enf. Bur. 2013); *see also* Inflation Adjustment of Monetary Penalties, 78 Fed. Reg. 49,370-01 (Aug. 14, 2013) (setting Sept. 13, 2013, as the effective date for the increases).

justice may require."[8] In addition, the Commission has established forfeiture guidelines; they establish base penalties for certain violations and identify criteria that we consider when determining the appropriate penalty in any given case.[9] Under these guidelines, we may adjust a forfeiture upward for violations that are egregious, intentional, or repeated, or that cause substantial harm or generate substantial economic gain for the violator.[10]

8.  Section 1.80(b) of the Rules sets a base forfeiture of $10,000 for operation without an instrument of authorization.[11] We have discretion, however, to depart from these guidelines, taking into account the particular facts of each individual case.[12] After applying the *Forfeiture Policy Statement*, Section 1.80 of the Rules, and the statutory factors, we propose a total forfeiture of $10,000, for which Mr. Hernandez is apparently liable.

## IV.  ORDERING CLAUSES

9.  Accordingly, **IT IS ORDERED** that, pursuant to Section 503(b) of the Act[13] and Section 1.80 of the Rules,[14] Jose Luis Hernandez is hereby **NOTIFIED** of this **APPARENT LIABILITY FOR A FORFEITURE** in the amount of ten thousand dollars ($10,000) for willful and repeated violations of Section 301 of the Act.[15]

10.  **IT IS FURTHER ORDERED** that, pursuant to Section 1.80 of the Rules,[16] within thirty (30) calendar days of the release date of this Notice of Apparent Liability for Forfeiture, Jose Luis Hernandez **SHALL PAY** the full amount of the proposed forfeiture or **SHALL FILE** a written statement seeking reduction or cancellation of the proposed forfeiture consistent with paragraph 13 below.

11.  Payment of the forfeiture must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above. Jose Luis Hernandez shall send electronic notification of payment to NER-Response@fcc.gov on the date said payment is made. Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[17] When completing the FCC Form 159, enter the Account Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code). Below are additional instructions that should be followed based on the form of payment selected:

---

[8] 47 U.S.C. § 503(b)(2)(E).

[9] 47 C.F.R. § 1.80(b)(8), Note to paragraph (b)(8).

[10] *Id.*

[11] 47 C.F.R. § 1.80(b).

[12] *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, Report and Order, 12 FCC Rcd 17087, 17098–99, para. 22 (1997) (noting that "[a]lthough we have adopted the base forfeiture amounts as guidelines to provide a measure of predictability to the forfeiture process, we retain our discretion to depart from the guidelines and issue forfeitures on a case-by-case basis, under our general forfeiture authority contained in Section 503 of the Act") (*Forfeiture Policy Statement*), *recons. denied*, Memorandum Opinion and Order, 15 FCC Rcd 303 (1999).

[13] 47 U.S.C. § 503(b).

[14] 47 C.F.R. § 1.80.

[15] 47 U.S.C. § 301.

[16] 47 C.F.R. § 1.80.

[17] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

| Federal Communications Commission | DA 15-1230 |
|---|---|

- Payment by check or money order must be made payable to the order of the Federal Communications Commission. Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001. To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment. The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

12. Any request for making full payment over time under an installment plan should be sent to: Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, SW, Room 1-A625, Washington, DC 20554.[18] Questions regarding payment procedures should be directed to the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

13. The written statement seeking reduction or cancellation of the proposed forfeiture, if any, must include a detailed factual statement supported by appropriate documentation and affidavits pursuant to Sections 1.16 and 1.80(f)(3) of the Rules.[19] The written statement must be mailed to the Federal Communications Commission, Enforcement Bureau, Northeast Region, New York Office, 201 Varick Street, Suite 1151, New York, NY 10014, and must include the NAL/Account Number referenced in the caption. The statement must also be e-mailed to NER-Response@fcc.gov.

14. The Commission will not consider reducing or canceling a forfeiture in response to a claim of inability to pay unless the petitioner submits: (1) federal tax returns for the most recent three-year period; (2) financial statements prepared according to generally accepted accounting practices; or (3) some other reliable and objective documentation that accurately reflects the petitioner's current financial status. Any claim of inability to pay must specifically identify the basis for the claim by reference to the financial documentation.

---

[18] *See* 47 C.F.R. § 1.1914.

[19] 47 C.F.R. §§ 1.16, 1.80(f)(3).

Federal Communications Commission            DA 15-1230

15.     **IT IS FURTHER ORDERED** that a copy of this Notice of Apparent Liability for Forfeiture shall be sent by first class mail and certified mail, return receipt requested, to Jose Luis Hernandez at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

Stephen Maguire
District Director
New York Office
Northeast Region
Enforcement Bureau

| Federal Communications Commission | DA 16-504 |
|---|---|

### Before the
### Federal Communications Commission
### Washington, D.C. 20554

| In the Matter of | ) | |
| --- | --- | --- |
| | ) | File No.: EB-FIELDNER-15-00018541 |
| Jose Luis Hernandez | ) | NAL/Acct. No.: 201632380001 |
| | ) | FRN: 0025007683 |
| Passaic, New Jersey | ) | |

## FORFEITURE ORDER

**Adopted: May 26, 2016**                                              **Released: May 26, 2016**

By the Regional Director, Region 1, Enforcement Bureau:

1. We impose a penalty of $10,000 against Jose Luis Hernandez for operating a pirate radio station in Passaic, New Jersey. The Commission warned Mr. Hernandez in writing that pirate operations are illegal. The fact the Mr. Hernandez would ignore the Commission's warnings demonstrates a deliberate disregard for the Commission's authority and its rules, warranting a significant penalty.

2. On October 30, 2015, the Enforcement Bureau's New York Office issued a Notice of Apparent Liability for Forfeiture (*NAL*) in the amount of $10,000 to Mr. Hernandez[1] for willful and repeated violation of Section 301 of the Communications Act of 1934, as amended (Act)[2] for operating an unlicensed radio transmitter on 95.9 MHz in Passaic, New Jersey. Mr. Hernandez has not filed a response to the *NAL*. Based on the information before us, we affirm the forfeiture proposed in the *NAL*.

3. **ACCORDINGLY, IT IS ORDERED** that, pursuant to Section 503(b) of the Act,[3] and Sections 0.111, 0.204, 0.311, and 1.80(f)(4) of the Commission's rules (Rules),[4] Jose Luis Hernandez **IS LIABLE FOR A MONETARY FORFEITURE** in the amount of ten thousand dollars ($10,000) for violations of Section 301 of the Act.[5]

4. Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within thirty (30) calendar days after the release date of this Forfeiture Order.[6] If the forfeiture is not paid within the period specified, the case may be referred to the U.S. Department of Justice for enforcement of the forfeiture pursuant to Section 504(a) of the Act.[7] Jose Luis Hernandez shall send electronic notification of payment to NER-Response @fcc.gov on the date said payment is made. The payment must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above. Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[8] When completing the FCC Form 159, enter the

---

[1] *Jose Luis Hernandez*, Notice of Apparent Liability for Forfeiture, 30 FCC Rcd 11673 (Enf. Bur. 2015)

[2] 47 U.S.C. § 301.

[3] 47 U.S.C. § 503(b).

[4] 47 C.F.R. §§ 0.111, 0.204, 0.311, 1.80(f)(4).

[5] 47 U.S.C. § 301.

[6] 47 C.F.R. § 1.80.

[7] 47 U.S.C. § 504(a).

[8] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

**Federal Communications Commission**    DA 16-504

Account Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code). Below are additional instructions you should follow based on the form of payment you select:

- Payment by check or money order must be made payable to the order of the Federal Communications Commission. Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001. To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment. The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

5.    Any request for making full payment over time under an installment plan should be sent to: Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554.[9] If you have questions regarding payment procedures, please contact the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

6.    **IT IS FURTHER ORDERED** that a copy of this Forfeiture Order shall be sent by both First Class Mail and Certified Mail, Return Receipt Requested, to Jose Luis Hernandez at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

David C. Dombrowski
Regional Director
Region 1
Enforcement Bureau

---

[9] *See* 47 C.F.R. § 1.1914.



# FEDERAL COMMUNICATIONS COMMISSION
## OFFICE OF GENERAL COUNSEL

November 22, 2016

Paul E. Fernandez, Esq.
630 Park Avenue
Paterson, New Jersey 07504

NAL No. 201632380001

Dear Mr. Fernandez:

On October 30, 2015, the Enforcement Bureau, Federal Communications Commission, issued a Notice of Apparent Liability For Forfeiture against your client, Jose Luis Hernandez, in the amount of $10,000.00 for the willful and repeated violation of Section 301 of the Communications Act, 47 U.S.C. § 301, for operating an unlicensed radio transmitter on 95.9 MHz in Passaic, New Jersey. On May 26, 2016, the Enforcement Bureau issued a Forfeiture Order affirming the forfeiture amount. This is to inform you that if the forfeiture is not paid within 30 days of the date of this letter, the matter will be referred to the Department of Justice for enforcement.

Payment may be made by check payable to the Federal Communications Commission. Please write on the check the NAL number noted above and mail your check along with a copy of this letter to:

> Federal Communications Commission
> Revenue & Receivables Operations Group
> P.O. Box 979088
> St. Louis, MO 63197

Thank you.

Sincerely,

Susan L. Launer
Deputy Associate General Counsel

Cc: Jose Luis Hernandez

"D"

# FEDERAL COMMUNICATIONS COMMISSION
## WASHINGTON, D.C.

## CERTIFICATE OF FORFEITURE

**Violator(s) Name(s) and Address(es):**  Jose Luis Hernandez
584 Main Avenue
Passaic, New Jersey 07055

**Total forfeiture assessed by FCC as of** November 22, 2016 **in the amount of** $10,000.00. I certify that Federal Communications Commission records show that the violator named above has been ordered to pay to the United States the amount stated above.

This claim arose in connection with:

Notice of Apparent Liability for Forfeiture released October 30, 2015
Forfeiture Order released May 26, 2016

**CERTIFICATION:** Pursuant to 28 USC § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_9/24/2019_
(Date)

_[signature]_
Susan L. Launer
Deputy Associate General Counsel
Susan.Launer@fcc.gov
202.418.7182